IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAYMAR RICHARD MILLER, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-138 |
| | : | |
| CHESTER POLICE DEPARTMENT | : | |
| OFFICER KEVIN SCHIELER, *et al.*, | : | |
|    Defendants. | : | |

## <u>MEMORANDUM</u>

**YOUNGE, J.**                                                                                                                                                  **JANUARY 15, 2020**

Plaintiff Staymar Richard Miller, a prisoner incarcerated at George W. Hill Correctional Facility ("GWH"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a Motion for Leave to Proceed *In Forma Pauperis*. Named as Defendants are unidentified "Keystone Chester Crozer Hospital Medical Personnel" and Chester Police Department Officers Kevin Schieler, Walter R. Omlor, L Mack, and Fraim.[1] For the following reasons, Miller will be

---

[1] It is unclear from the caption of the Complaint whether Miller intends to name the Chester Police Department as a separate Defendant or uses the words "Chester Police Department" to describe Defendant Officer Keven Schieler. To the extent that Chester Police Department is a separate Defendant, it will dismissed with prejudice. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, to the extent that Miller intended to name it as a Defendant, the Chester Police Department would not be a proper defendant in this case under § 1983 and is dismissed.

permitted to proceed *in forma pauperis,* and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

The Complaint in this case is quite brief.  Miller asserts that on February 10, 2019, he was involved in a traffic accident that led to his being arrested by Chester police officers.[2]  He alleges he was denied medical treatment at Keystone Chester Crozer Hospital and taken to the Chester police headquarters.  (ECF No. 3 at 3.)[3]  He asserts that he was treated unfairly and assaulted by Schieler, Omlor, Omlor's son Thomas,[4] and two or three other officers he is unable to identify.  He seeks damages in the amount of $350,000 for pain and suffering.  (*Id.* at 7-8.)

## II.    STANDARD OF REVIEW

Because Miller appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] A review of publicly available records shows that Miller was arrested on February 10, 2019 in Chester for DUI, possession of controlled substances and related charges.  *Commonwealth v. Miller*, CP-23-CR-1448-2019 (C.P. Del.)  He is currently awaiting trial.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Thomas Omlor is not named as a Defendant and it is unclear whether he is also a police officer.

[5] Because Miller is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). As Miller is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The claim against the Keystone medical personnel must be dismissed because private hospitals and their employees are is not "state actors" subject to liability under § 1983. *See Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) (holding that private hospital is not a state actor under applicable legal tests); *Chrupcala v. Chester Cty. Hosp.*, Civ. A. No. 00-6027, 2003 WL 21088476, at *3-5 (E.D. Pa. Jan. 29, 2003) (same); *Klavan v. Crozer-Chester Med. Ctr.*, 60 F. Supp. 2d 436, 441 (E.D. Pa. 1999) (holding that private hospital and its employees are not state actors under applicable tests). The applicable tests are the "symbiotic relationship" test and the "close nexus" test. *Klavin*, 60 F. Supp. 2d at 441-42. Under the "symbiotic relationship" test, "a private party will be deemed a state actor if 'the State has so far insinuated itself into a position of interdependence [with the private party] that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so "purely private" as to fall without the scope of the Fourteenth Amendment.'" *Id.* (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). Under the "close nexus" test, the inquiry is "'whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Miller's allegation that Keystone employees denied him medical treatment is insufficient to state a plausible claim that they are state actors. Accordingly, the § 1983 claim against the Keystone medical personnel is dismissed.

The balance of the allegations in Miller's Complaint are far too vague and conclusory to state a claim. The allegations against Defendants Schieler, Omlor, L. Mack and Fraim consist of the conclusory assertions that they committed assault and/or treated Miller unfairly. While Miller may be attempting to raise a constitutional claim based on excessive force, the conclusory allegations are insufficient to place the Defendants on notice of the claim asserted against them and to allow the Court to be properly informed to screen the claims Miller seeks to raise. Accordingly, the Complaint will be dismissed without prejudice and Miller will be permitted an opportunity to file an amended complaint if he is able to cure the defects the Court has identified.

An appropriate Order follows.

**IT IS SO ORDERED.**

                              **BY THE COURT:**

                              **/s/ Judge John Milton Younge**
                                **Judge John Milton Younge**